■ PAULINE BROWN et al., Appellants, v. BORIS GOLDEN, Respondent. — Motion for leave to appeal to the Court of Appeals denied. — Present — McCurn, P. J., Kimball, Williams, Bastow and Halpern, JJ.

■ In the Matter of the Estate of HARRISON J. MCDERMOTT, Deceased. ALICE MCDERMOTT, Appellant; MERLE MCDERMOTT, Respondent. — Motion for reargument denied, with $10 costs; motion for leave to appeal to the Court of Appeals denied. Present — McCurn, P. J., Kimball, Williams, Bastow and Halpern, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES HADLEY, Appellant, against ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent. — Motion for reargument denied. Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

■ ARTHUR HUGHES, Respondent, v. EDYTHE B. CURRAN et al., Appellants. — Motion for reargument denied, with $10 costs. Present — Kimball, J. P., Williams, Bastow and Halpern, JJ.

■ GERTRUDE BERGER, Appellant, v. SAMUEL JOHNSON et al., Respondents. — Motion for a certification that an undertaking on appeal of plaintiff-appellant to Court of Appeals is not necessary under section 593 of Civil Practice Act denied.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent v. IVAN PETWAY, Appellant. — Motion to appeal as a poor person and for other relief denied on the ground that the papers fail to show merit to the appeal.

■ In the Matter of SAL J. EANNACE, an Attorney. — Proceedings remanded to the Official Referee to hold such further proceedings as he may deem advisable and to make additional and, if necessary, new findings in accordance with the following memorandum: The sole charge made against respondent was a violation of canon 44 of the Canons of Professional Ethics. It does not appear from the report of the Official Referee that this issue has been passed upon. Implicit in the charge was a factual issue presented by the diametrically opposed testimony of witnesses as to what transpired between attorney and client in regard to filing a notice of appeal and the prosecution thereof. Bearing upon this issue is the letter of August 29, 1956, from the attorney to the prisoner, which was received in evidence but not referred to in the report and upon which adequate cross-examination was not had. The Referee saw and heard the witnesses but has only inferentially made findings as to the credibility of some of them and no direct finding as to the stated charge. We conclude that in the interests of justice the proceeding should be remanded to the Referee to hold such further proceedings as he may deem advisable and to make additional and, if necessary, new findings in accordance with this memorandum. All concur. Present — McCurn, P. J., Kimball, Williams, Bastow and Goldman, JJ.

## FIRST DEPARTMENT, AUGUST, 1958

## (August 6, 1958)

■ In the Matter of AARON L. GREENFELD, Respondent, against JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, Respondents, and IRVING I. GELLER et al., Appellants. — Order unanimously affirmed. Leave to appeal to the Court of Appeals granted, if appellant is so advised. Even if we were to reinstate the sheets where no forgeries appear, it was stated on argument and not disputed that there would not be a sufficient number of valid signatures to reinstate the petition. Concur — Breitel, J. P., Rabin, M. M. Frank, Stevens and Bergan, JJ.